# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROCHELLE S. WILLIAMS | CASE NUMBER |
| Plaintiff | |
| v. | COMPLAINT |
| MB FINANCIAL BANK, N.A. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR RELIEF

NOW COMES the Plaintiff, ROCHELLE S. WILLIAMS ("Plaintiff"), by and through her attorneys, BACH LAW OFFICES, complaining of MB FINANCIAL BANK, N.A. ("MB") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 et. seq. ("ICFA").

### JURISDICTION AND VENUE

2. This action arises under, and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §§1640, 1692, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

4. Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Rochelle S. Williams was a Debtor under Chapter 7 of Title 11 of the United States Code in Case Number 13-47120 filed in December, 2013.

6. MB is a National Banking Association with its principal place of business at 800 West Madison Street, Chicago, IL 60607 in Cook County, Illinois. MB is a National Banking Association that has eighty-eight locations across three states, including the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

7. On or about October 1, 2001, the Plaintiff executed a Promissory Note in favor of Neighborhood Lending Service in the amount of $230,375.75. On the same date, Plaintiff executed a Mortgage that secured the Promissory Note against a piece of real property ("the subject loan1") with Mortgage Electronic Registration Systems, Inc. as mortgagee.

8. On or about October 1, 2001, the Plaintiff executed a second Promissory Note in favor of Neighborhood Lending Service in the amount of $26,061.60. On the same date, Plaintiff executed a Mortgage that secured the Promissory Note against a piece of real property ("the subject loan2") with Mortgage Electronic Registration Systems, Inc. as mortgagee.

9. On information and belief, the subject loans went into default in 2005.

10. On May 4, 2006, Neighborhood Lending Service and MB filed a foreclosure case in the Circuit Court of Cook County, Chancery Division, case number 2006-CH-08966. The foreclosure case was dismissed December 8, 2008.

2

11. Neighborhood Lending Service assigned subject loan 1 to MB in 2007 and assignment of subject loan1was recorded on April 27, 2007 document number 711739137.

12. Neighborhood Lending Service assigned subject loan2 to MB in 2007 and assignment of subject loan2 was recorded on October 4, 2007 document number 727715171. However, the recorded document referenced the wrong mortgage and an amended assignment was recorded on January 29, 2008 document number 802931099.

13. The subject loans are related to the real property commonly known as 4612 South Langley Avenue, Chicago, Illinois (PIN# 20-02-426-023-0000). ("subject property").

14. In 2010, Plaintiff and MB entered into a loan modification for subject loan1 which provided for a new total monthly payment of $1,189.15 for the first 60 months, then the interest rate increased once a year for four additional years and the remainder of the loan would be fixed at 5.125% for 384 months with an approximate payment of $1,617.00.

15. On December 9, 2013, Plaintiff filed a petition for bankruptcy relief under Chapter 7 of the U.S. Bankruptcy Code.

16. Plaintiff named MB as one of her creditors in the bankruptcy filing. MB received notice of Plaintiff's bankruptcy filing. *See* Exhibit A, a true and correct copy of the January 8, 2014 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines that was served upon MB by the Bankruptcy Noticing Center on January 10, 2014.

17. On April 11, 2015, Plaintiff executed a reaffirmation agreement as to Subject Loan1, which was filed in the bankruptcy court as docket number 49 on May 31, 2014. *See* Exhibit B, a true and correct copy of the executed and filed reaffirmation agreement for subject loan1. ("Reaff1)

18. Reaff1 stated that the balance as of the December 9, 2013 was $214,485.21. The interest rate was fixed at 2% making payments to be $1,066.49 for 433 months. This payment included escrow amounts. *Id.*

19. On April 11, 2014, Plaintiff executed a reaffirmation agreement as to Subject Loan2, which was filed in the bankruptcy court as docket number 48 on May 31, 2014. *See* Exhibit C, a true and correct copy of the executed and filed reaffirmation agreement for subject loan2. . ("Reaff2)

20. Reaff2 stated that the balance as of the December 9, 2013 was $23,471.20. The interest rate was fixed at 1% making payments to be $61.47 for 439 months. *Id.*

21. On June 10, 2014, Judge Carol A. Doyle entered an order approving both reaffirmation agreements (docket 48 and 49). *See* Exhibit D, a true and correct copy of Judge Carol A. Doyle's Order approving the reaffirmation agreements.

22. On June 11, 2014, Plaintiff received her bankruptcy discharge. *See* Exhibit E, a true and correct copy of the June 11, 2014, Discharge of Plaintiff and Proof of Mailing by the Bankruptcy Noticing Center.

23. MB received notice of the discharge. *Id.*

24. On January 12, 2016, Plaintiff received a notice of right to cure default from MB. In this letter, MB states that the account is in default from 01/01/02 thru 01/01/2016 in the amount of $10,907.26. *See* Exhibit F, a true and correct copy of the notice of right to cure default dated January 12, 2016.

25. On January 13, 2016, Plaintiff received a grace period notice from MB. *See* Exhibit G, a true and correct copy of the January 13, 2016 grace period notice.

4

26. On February 5, 2016, Plaintiff received a mortgage statement that shows no past due balance, principal balance of $193,621.89, and an interest rate of 3.0% until April 2016. *See* Exhibit H, a true and correct copy of the February 5, 2015 mortgage statement.

27. On February 29, 2016, Plaintiff received a reminder letter about interest and mortgage changes from MB. The letter states that the interest rate will be adjusting to 4% on the payment that is due May 1, 2016, 5% starting in May of 2017 and 5.125% for the remainder of the loan starting in May 2018. *See* Exhibit I, a true and correct copy of the February 29, 2016 reminder letter.

28. On March 3, 2016, Plaintiff received a default letter from MB. The default letter offered assistance to Plaintiff; however, Plaintiff was current according to the reaffirmation agreement. . *See* Exhibit J, a true and correct copy of the March 3, 2016 default letter.

29. On July 8, 2016, Plaintiff received a Mortgage Statement from MB in regards to subject loan1, which seeks a payment in the amount of $1,462.40, with an interest rate showing as 4.0%. *See* Exhibit K, a true and correct copy of the July 8, 2016 Mortgage Statement.

30. On July 8, 2016, Plaintiff received a Mortgage Statement from MB in regards to subject loan2, which seeks a payment in the amount of $98.72, with an interest rate showing as 3.0%. *See* Exhibit L, a true and correct copy of the July 8, 2016 Mortgage Statement.

31. On June 21, 2016, Plaintiff received a missed payment letter from MB. The missed payment letter refers to 0 days past due and was confusing to Plaintiff. *See* Exhibit M, a true and correct copy of the June 21, 2016 missed payment letter.

32. Plaintiff believed that by entering into the reaffirmation agreement, she would have a fresh start as warranted by the Bankruptcy Code and would be able to afford her home mortgage as agreed moving forward.

33. However, as a direct result of MB's unlawful conduct, Plaintiff has been denied her fresh start.

34. Concerned about the violations of her rights and protections afforded by virtue of the reaffirmation agreement and Chapter 7 Discharge, Plaintiff sought the assistance of counsel to ensure that MB's wrongful collection efforts ceased.

35. MB has consistently violated the terms of the reaffirmation agreement and the discharge injunction entered on June 11, 2014 by the U.S. Bankruptcy Court for the Northern District of Illinois.

36. Moreover, as a direct result of MB's persistent, unlawful conduct, Plaintiff has experienced extreme emotional distress, loss of sleep, and undue stress and anxiety.

<u>Count I</u>
<u>Violations of The Fair Debt Collection Practices Act</u>

37. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).

39. The subject debt is a consumer debt as defined by the FDCPA § 1692a(6).

40. MB is also a "debt collector" as defined by FDCPA § 1692a(6) because MB regularly uses the mails and/or the telephones to collect, or attempt to collect, delinquent consumer accounts.

41. MB is also a "debt collector" in relation to the subject loan because the debt the servicing rights and/or ownership rights were acquired when the debt was in default.

42. MB violated 15 U.S.C. §§1692 e(2), e(10), f, and d through its debt collection efforts.

43. MB violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debts as the subject debt was not delinquent and the interest rate was

fixed at 2.0% at the time MB attempted to collect the subject debt not the increased rate that was charged.

44. MB violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was in default, when by virtue of the reaffirmation agreements, she was not.

45. MB violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Plaintiff was making her payment in accordance with the reaffirmation agreement at the agreed upon interest rate.

46. MB violated 15 U.S.C. §1692 (d) by employing conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by continuing to collect improper amounts based on the increased interest rate and adjusting the interest rate to a higher amount causing a higher payment amount.

47. Plaintiff has suffered actual damages in the amount of improper late fees and excessive interest charges that have been paid by Plaintiff.

48. Plaintiff was further damaged by the above actions by that fact Plaintiff health suffered because of excessive worry about the property and the property suffered and further deteriorated as a result.

49. Plaintiff has expended numerous hours consulting with her attorneys as a result of MB's deceptive collection actions.

50. Plaintiff was unduly inconvenienced and harassed by MB' unlawful attempts to collect a debt.

51. Plaintiff has suffered emotional distress as a direct consequence of MB's unlawful collection practices.

52. As a result of the above violations of the FDCPA, and in consideration of the willful and malicious disregard to the Reaffirmation Agreement (and the interest rate contained in those documents) and the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692.

WHEREFORE, Plaintiff, ROCHELLE S. WILLIAMS, respectfully requests that this Honorable Court enter judgment against MB FINANCIAL BANK, N.A. in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

   c. Awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### Count II -- Violation of Illinois
### Consumer Fraud and Deceptive Business Practices Act

53. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

54. MB violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

55. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

   Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of

8

> any material fact, with intent that others rely upon the
> concealment, suppression or omission of such material fact . . . in
> the conduct of any trade or commerce are hereby declared
> unlawful whether any person has in fact been misled, deceived or
> damaged thereby. 815 ILCS 505/2.

56. MB was attempting to collect a debt and the conduct of trade or commerce in the State of
Illinois as stated in this Complaint. See 815 ILCS 505/1(f).

57. Plaintiff is a "person" and "consumer" under 815 ILCS 505/1(c) and e, respectively.

58. MB demands for payment that included an interest rate that was higher than contractually
allowed, represents the use of deception, fraud and false pretense in an attempt to collect
amounts that are not owed.

59. The actions of MB were deceptive, MB intended that Plaintiff and third parties (such as
potential lenders) rely on its misrepresentations that the Mortgage reaffirmation does not
apply in order to attempt to collect additional amounts from Plaintiff based on the higher
interest rates than stated in the reaffirmation agreements.

60. ICFA further states:

> Any person who suffers actual damage as a result of a
> violation of this Act committed by any other person may
> bring an action against such person. The court, in its
> discretion may award actual economic damages or any
> other relief which the court deems proper.

> 815 ILCS 505/10a

61. ICFA further states:

> Any person who suffers actual damage as a result of a
> violation of this Act committed by any other person may
> bring an action against such person. The court, in its
> discretion may award actual economic damages or any
> other relief which the court deems proper. 815 ILCS
> 505/10a

62. As pled above, Plaintiff was harmed by MB's unfair and deceptive practices.

63. That the Plaintiff was further damaged by the above actions by that fact Plaintiff's health suffered because of excessive worry about the property, increased interest charges and additional interest amounts that should not have been charged.

64. Plaintiff has expended numerous hours consulting with her attorneys as a result of MB's deceptive collection actions.

65. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, ROCHELLE S. WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor and against MB FINANCIAL BANK, N.A. as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Awarding Plaintiff' actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c. Awarding the Plaintiff' costs and reasonable attorney fees;

    d. Awarding any other relief as this Honorable Court deems just and appropriate

**Plaintiff demand trial by jury.**

Dated: August 18, 2016                           Respectfully Submitted,

                                       /s/ Penelope N. Bach
                                       Paul M. Bach, Esq. ARDC#6209530
                                       Counsel for Plaintiff
                                       Bach Law Offices
                                       PO Box 1285
                                       Northbrook, IL 60065
                                       Phone (847)564-0808